UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fatholah K., | Case No. 23-cv-1013 (JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Martin J. O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Fatholah K., the claimant below, seeks judicial review of a final decision by the Defendant Commissioner of Social Security denying Plaintiff's application for disability insurance benefits. For the reasons discussed below, the Court concludes that substantial evidence supports the Commissioner's decision and therefore affirms it.

**I.    Background**

Plaintiff holds a Bachelor's Degree in Physics, a Master's Degree in Aerospace Engineering, and a Ph.D. Degree in Mathematics. (Soc. Sec. Admin. R. (hereinafter "R.") 14.[1]) He taught college-level math and physics for 16 years. (R. 56.) He last worked as a professor at the University of Jamestown, North Dakota, until he was asked to leave in 2017, which was also the last date he had earnings. (R. 221.)

---

[1] The administrative record is filed at Dkt. No. 8. The record is indexed as consecutively paginated, and the Court cites to that pagination rather than to the docket page.

Plaintiff said he had back problems that caused him discomfort if he sat for a time without getting up and moving around. (R. 14.) He maintains that he could initially sit no longer than 45 minutes to an hour before needing to get up and walk. (R. 18.) After that initial period of sitting, he could only sit for periods of about 10 to 15 minutes, rather than the longer period of initial sitting. (*Id.*) He regularly saw a physical therapist and also occasionally saw a chiropractor. (R. 62–63.) Because of his difficulty sitting for long periods of time, Plaintiff was unable to hold regular office hours as a college faculty member, which he believes was the reason why he was asked to leave. (R. 38.)

On November 13, 2018, Plaintiff applied for disability insurance benefits under Article II of the Social Security Act, alleging disability beginning June 25, 2018, at the age of 65. (R. 65.) He last met the insured status requirements of the Social Security Act on March 31, 2019. (R. 11). The Social Security Administration first denied his claim on June 4, 2019 (R. 92), and again on September 5, 2019, following reconsideration (R. 99.) Plaintiff, representing himself, subsequently sought a hearing before an administrative law judge ("ALJ"). (R. 104.)

ALJ Amy Benton held a hearing on December 1, 2020 (R. 49–63), and at Plaintiff's request, the ALJ held a supplemental telephone hearing on October 21, 2021 (R. 31–48). At the hearings, Plaintiff testified that although he experienced less pain from standing and walking than from sitting, his lower back pain also made it difficult for him to drive long distances or to lift heavy objects. (R. 39.) He further explained that he lived with his wife and could perform light housework as long as he did not need to bend forward or lift

2

anything heavy that would irritate his lower back. (R. 40–41.) Plaintiff spent most of the day lying on his back watching TV, and he was unable to perform any yard work. (*Id.*)

Vocational Expert Christina Beatty-Cody also testified at the October 21, 2021 supplemental hearing. The ALJ asked her to assume, as part of a hypothetical:

> "a person who is capable of performing at the light exertional level, but the person is further limited in that they can only occasionally climb stairs and ramps; they can never climb ladders or scaffolds; they can frequently balance but only occasionally stoop, kneel, crouch, and crawl; and they must avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts and slippery, wet surfaces."

(R. 45.) The vocational expert then opined that, in this first hypothetical, "such a person [would] be able to perform . . . the college faculty member position . . . as typically and actually performed." (*Id.*)

In another hypothetical, the ALJ asked the vocational expert to assume the same set of limitations, but adding that "the person would need to change position approximately every five minutes." (*Id.*) The expert opined that "[t]he past work, as typically and actually performed, would be excluded with that additional limitation." (R. 46.)

In reaching a decision, the ALJ followed the familiar five-step, sequential analysis for Social Security disability determinations described in 20 C.F.R. § 416.1520. The ALJ must evaluate:

(1) whether the claimant engages in substantial gainful activity;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals one of the impairments listed in the Social Security regulations;

>  (4) whether the claimant can perform his past work; and
>
>  (5) whether the claimant was capable of performing work in the national economy.

20 C.F.R. § 404.1520.

At step one of the analysis, the ALJ determined that Plaintiff did not engage in substantial gainful activity as defined under the Act. 20 C.F.R § 404.1572(a)–(b) (activity that involves "significant physical or mental activities" and is done for pay or profit).

At step two, the ALJ found that Plaintiff suffered from two severe impairments through the date he was last insured, namely degenerative disc disease of the lumbar spine and osteoarthritis. (R. 11.) He also suffered from a number of non-severe impairments, including gastroesophageal reflux disease ("GERD"), hypertension, hyperlipidemia, and obesity, with a body mass index ("BMI") slightly above 30. (R. 11.) The ALJ found that these conditions were non-severe because they had been responsive to treatment, the vocationally relevant limitations they caused were no more than minimal, and they had not lasted, nor were they expected to last, at a "severe" level for a continuous period of 12 months. (R. 12.)

At step three, the ALJ determined that Plaintiff's spinal condition was not severe enough to meet the factors of one of the presumptively disabling impairments, 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, because he could walk with a normal gait and he did not require the assistance of a walker. (R. 13.)

Before proceeding to step four, the ALJ determined that, with Plaintiff's limitations, his residual functional capacity ("RFC")[2] was reduced to performing light work, except he could occasionally climb ramps and stairs, but not ladders or scaffolds. (R. 19.) The Dictionary of Occupational Titles ("DOT") describes Plaintiff's past vocational work as a college faculty member as involving only light exertional activity. (R. 44.)

Therefore, at step four, the ALJ concluded that, even with the limitations incorporated in Plaintiff's RFC, he was capable of performing his past relevant work as a college faculty member. (R. 20.) Plaintiff was thus found not disabled under the Social Security Act and not eligible for disability insurance benefits.[3] (R. 16.)

The Social Security Administration's Appeals Council denied Plaintiff's petition for review of the ALJ's decision. (R. 1–5.) Plaintiff now seeks judicial review by this Court. He claims that the ALJ's determination that he was not disabled is not supported by substantial evidence.

## II. Legal Standards

To succeed on his claim for disability insurance benefits, Plaintiff must show that he became disabled before his date last insured, March 31, 2019, and that his disability persisted for at least 12 consecutive months. *See* 20 C.F.R. §§ 404.130, 404.131; *Hensley*

---

[2] An RFC is a measure of "the most [a claimant] can still do despite his limitations." 20 C.F.R. § 416.945(a)(1).

[3] Because the ALJ concluded that Plaintiff could perform his past relevant work as a college professor, she did not proceed to step five to determine if Plaintiff could adjust to *other* work the numbers of which are significant in the national economy. *Id.* § 404.1520(a)(4)(v).

5

*v. Colvin*, 829 F.3d 926, 929 (8th Cir. 2016) (a claimant must prove she was disabled some time before the expiration of her insured status under Title II). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity" because of a medically determinable physical or mental impairment. 42 U.S.C. § 423(d)(1)(A); *see id.* § 416(i)(1)(A); 20 C.F.R. § 404.1505(a).

Judicial review of the Commissioner's denial of benefits is limited. The district court "reverses the findings of the Commissioner only if they are unsupported by substantial evidence or result from an error of law." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018) (citing 42 U.S.C. § 405(g)). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). The reviewing court must examine "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The court may not reverse the Commissioner's decision simply because substantial evidence would support a different outcome or because the court would have decided the case differently. *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). In other words, if it is possible to reach two inconsistent positions from the evidence and one of those positions is that of the Commissioner, the reviewing court must affirm the decision. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

### III. Discussion

Plaintiff asserts that the ALJ's decision is not supported by substantial evidence. (Dkt. No. 13 at 1.) More specifically, Plaintiff argues that the ALJ erroneously focused on his statements about his health at the time of the hearings rather than his health during the period for which he claims disability. (*Id.* at 1.) Plaintiff also maintains that the ALJ erred by accepting the vocational expert's testimony because it was based on statistics rather than first-hand knowledge of Plaintiff's condition. (*Id.*) The Court considers these arguments as it reviews the Commissioner's five-step analysis.

#### A.   Step One—Substantial Gainful Employment

At step one, the Commissioner must determine whether the claimant engages in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011).

Here, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of June 25, 2018[,] through his date last insured of March 31, 2019." (R. 11.) Plaintiff cannot, and does not appear to, challenge this finding, which in any event is favorable to him.

#### B.   Step Two—Severe Impairments

At step two, the Commissioner must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the [required 12-month duration], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an

7

impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

Here, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine and osteoarthritis." (R. 11.) In addition, the ALJ found Plaintiff suffered from other, non-severe impairments, namely gastroesophageal reflux disease ("GERD"), hypertension, hyperlipidemia, and obesity. (*Id.*) Plaintiff, again, does not challenge these findings, which, as before, are favorable to him.

### C. Step Three—Severe Impairments

At step three, the Commissioner must evaluate whether a claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (commonly referred to as the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If a claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds to the next step of the process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Here, the ALJ found that Plaintiff's lumbar degenerative disc disease did not medically equal or exceed Listing 1.15 for disorders of the skeletal spine. Specifically, factor D of the listing requires Plaintiff to show a documented medical need for a walker, bilateral device, or wheeled device. (R. 13.) *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. Plaintiff does not challenge this finding.

And, in any event, substantial evidence in the record supports the ALJ's finding: There are multiple medical records prior to Plaintiff's last insured date that documented

8

his ability to walk with a normal, non-antalgic gate. (R. 19, 631, 629, 642, 645, 649, 687, 699, 708, 713, 717, 721, 729, 735, 738.) The Court thus finds no error here.

### D.     Step Four—Residual Functional Capacity & Past Relevant Work

At step four, the Commissioner assesses the claimant's RFC, 20 C.F.R. § 404.1520(a)(4). The Commissioner then determines whether the claimant can return to his or her past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant retains the RFC to perform past relevant work, then he or she is not disabled (and the analysis does not proceed further). 20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611.

#### 1.     Consideration of Plaintiff's Subjective Complaints

An RFC must be "based on all the relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (citing *Page*, 484 F.3d at 1043). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government if they are inconsistent with the record as a whole." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

Pain from prolonged periods of sitting is the main, limiting symptom Plaintiff alleges he endures from his severe impairment of degenerative disc disease. (R. 39.) The ALJ found that this pain was not unrelenting as Plaintiff's condition continued to improve over the period between the alleged onset date and his hearings before the ALJ. (*Id.*)

Specifically, in September 2018, Plaintiff reported only being able to sit for 30 minutes, but by September 2020 he could sit for one hour without pain. (R. 608, 763.) Plaintiff's back pain continued to improve substantially. (*Id.*)

In any event, the main inconsistency between Plaintiff's statements and the medical record is his assertion that, after a first prolonged sitting followed by ambulation, he is then able to continuously sit for only about 10 to 15 minutes before needing another brief walking break. (R. 39.) Medical records of Plaintiff's difficulty sitting show a self-assessment of only being able to sit for 30 minutes in September 2018, which increased to one hour by September 2020. (R. 608, 763.) Plaintiff did not submit any medical opinions in support of his testimonial statements.

The ALJ even adjusted her determination of Plaintiff's RFC to only occasional kneeling and crouching, based on observations from state agency medical consultants. *See Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016) (ALJ permissibly excluded greater limitations from RFC after finding record was not consistent with degree of symptoms alleged). Both state agency physicians supported their opinions with imaging and noteworthy office visits related to Plaintiff's lower back impairments. (R. 15, 42, 71–73, 83–85.) The findings by those experts were consistent with the record, which demonstrated Plaintiff's comfort in walking and standing, but difficulty with prolonged sitting. *See Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001) ("The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole."); *Masterson v. Barnhart*, 363 F.3d 731, 739 (8th Cir. 2004) (ALJ properly discredited claimant's pain complaints, in part by noting that objective tests showed only mild to moderate

abnormalities and that the claimant's reported activities were inconsistent with extreme pain complaints). The ALJ properly considered the entire record, including objective medical records and Plaintiff's subjective statements, in determining that Plaintiff could perform a reduced range of light work with minor modifications, and that these limitations did not preclude Plaintiff working at his past relevant employment as a college professor.

This quantity of persuasive evidence meets or exceeds the requirement that the ALJ's decision be supported by substantial evidence. Specifically, substantial evidence supports the ALJ's RFC finding and does not provide a basis for remand. See *Despain v. Berryhill*, 926 F.3d 1024, 1028–29 (8th Cir. 2019) (ALJ's consideration of treatment notes, course of treatment, daily activities, and consultants' opinions constituted substantial evidence supporting RFC determination); see also *Hamman v. Berryhill*, 680 F. App'x 493, 495 (8th Cir. 2017) (per curiam) (even if ALJ erred by citing lack of objective medical evidence in discrediting claimant's complaints, reversal was not warranted, as ALJ's findings that claimant's treatment history and daily activities were inconsistent with alleged limitations provided substantial evidence to support adverse credibility determination).

Plaintiff's argument that the ALJ erroneously focused on his health at the time of the hearings rather than his health during the period for which he claims disability is also without merit. To the contrary, the administrative record shows that the ALJ considered Plaintiff's health from the date of alleged disability through the hearing date. As just one example, the ALJ adopted the opinions of the two state agency physicians "with minimal modifications" because they were of "significant persuasive value." (R. 19) Those opinions

included summaries of evidence going back to the date of alleged disability itself, June 25, 2018 (R. 76; Dr. Mendonca); (R. 88; Dr. Ruiz).

### 2. Consideration of Vocational Expert's Testimony

In considering a claimant's RFC, the ALJ also may—but is not required to—use a vocational expert's testimony to formulate the claimant's RFC when the vocational expert responds to properly framed hypothetical questions that capture the "concrete consequences" of the claimant's limitations. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

A hypothetical is properly framed "if it sets forth the impairments which are accepted as true by the ALJ." *Kraus v. Saul*, 988 F.3d 1019, 1025 (8th Cir. 2021). The hypothetical does not need to use the specific diagnostic terms used in medical reports. *Lacroix,* 465 F.3d at 889. A hypothetical must only contain the concentration, persistence, or pace limitations to be sufficient. *Newton v. Charter,* 92 F. 3d 688, 695 (8th Cir. 1996). "A hypothetical is not insufficient because it does not include all the health limitations *alleged* by the claimant." *Kraus*, 988 F.3d at 1027 (answer to hypothetical about "whether a hypothetical person with the impairments [claimant] *alleged* could work . . . was not substantial evidence").

Here, the vocational expert's testimony—although not required—also constitutes substantial evidence because the ALJ's first hypothetical was phrased using the impairments she accepted as true and stated in the RFC. (R. 49.) It is not necessary for the vocational expert to examine the claimant to give her opinion because the hypothetical was supported by substantial evidence in the record as a whole. (R. 20.) And, the ALJ was not

required to give evidentiary value to the second hypothetical since it posed a scenario that was based on only Plaintiff's allegations and was not supported by medical evidence. *See Kraus*, 988 F.3d at 1025; *Holley v. Colvin*, 975 F. Supp. 2d 467, 484 (D.N.J. 2013) ("ALJ was not required to accept the vocational expert's testimony in response to other hypothetical questions not supported by the record").

Plaintiff argues that he is a statistical outlier and even if the experts conclude that, statistically speaking, he can perform his job with his limited RFC with his pain, he is not able to do so. (R. 47, 51). However, contrary to Plaintiff's claim, the ALJ's decision is not statistically based; as discussed above, the ALJ made her RFC findings after reviewing the record as a whole and in some cases (such as the restriction on kneeling and crouching) tailoring the RFC to Plaintiff's individual situation. Because the ALJ did not err in formulating Plaintiff's RFC, it follows that she also did not err in relying on the vocational expert's testimony that was based on that assessment. *See Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (ALJ's hypothetical question to vocational expert need only include limitations that ALJ finds are substantially supported by record as whole); *Johnson v. Astrue*, 627 F.3d 316, 320-21 (8th Cir. 2010) (where medical evidence supported limitations in RFC determination, hypothetical question to vocational expert using those limitations was acceptable, and substantial evidence supported finding that claimant was not disabled).

And, in any event, the vocational expert's testimony was not necessary—and, thus, irrelevant—here because the ALJ's determination at step four—that Plaintiff was able to perform his *past* relevant work—ended the inquiry. *See Lewis v. Barnhart*, 353 F.3d 642,

13

648 (8th Cir. 2003) ("Vocational expert testimony is not required at step four where the claimant retains the burden of proving she cannot perform her prior work.").

In short, the Court finds that the ALJ's decision is supported by substantial evidence in the record. The ALJ properly posed hypotheticals to the vocational expert and also properly considered the vocational expert's testimony. There are no grounds for remand here.

## IV.  Order

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The relief requested in Plaintiff Fatholah J.'s brief (Dkt. No. 13) is **DENIED**;

2. Defendant Commissioner of Social Security Administration's request to affirm the Administration's decision (Dkt. No. 15) is **GRANTED**;

3. The Administration's decision is **AFFIRMED**; and

4. **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

Date: August 30, 2024         */s John F. Docherty*
                              JOHN F. DOCHERTY
                              United States Magistrate Judge